UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GUY MCEACHIN,

                                     Plaintiff,

       v.                                          9:01-CV-0259

GLENN S. GOORD, *et al.*,

                                     Defendants.
_____

APPEARANCES:                               OF COUNSEL:

GUY MCEACHIN
Plaintiff, pro se

OFFICE OF THE ATTORNEY GENERAL     MARIA MORAN, ESQ.
State of New York                             Assistant Attorney General
Counsel for the Defendants

GUSTAVE J. DI BIANCO, MAGISTRATE JUDGE

## ORDER

      Following a jury trial on August 24, 2006, judgment was entered in favor of the defendants. Dkt. No. 102.[1] On September 18, 2006, defendants submitted a proposed Bill of Costs. Dkt. No. 106. Costs were taxed against plaintiff by the Clerk of the Court on October 18, 2006. Dkt. No. 108. Plaintiff thereafter sought leave to file objections to the Bill of Costs, claiming that he was not aware of the filing deadlines. This submission was rejected by the Court as untimely filed. Dkt. No. 110.

---

[1] Plaintiff appealed from that judgment to the United States Court of Appeals for the Second Circuit. Dkt. No. 104. By mandate issued February 20, 2007, the appeal was dismissed due to plaintiff's failure to pay the docketing fee or to seek *in forma pauperis* status. Dkt. No. 112.

Plaintiff now seeks reconsideration of this Court's Order rejecting his objections to the Bill of Costs. Dkt. No. 111.

The taxation of costs against an unsuccessful litigant in federal court is governed by Rule 54(d) of the Federal Rules of Civil Procedure. Rule 54(d) provides in pertinent part that "costs other than attorneys fees shall be allowed as of course to the prevailing party unless the court otherwise directs."[2] The term "cost" has been construed by the Supreme Court to include only the items listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). In accordance with Rule 54(d), costs may be taxed by the Clerk, and the action of the Clerk may be reviewed de novo by the Court. *See Whitfield v. Scully*, 241 F.3d 264, 269-70 (2d Cir. 2001).

Defendants sought costs of $1,564.82. Defendants claimed $320.00 to recoup the fees of the court reporter who transcribed plaintiff's deposition. Defendants claimed an additional $1,244.82, which defendants identify as the cost of transporting plaintiff to trial. Dkt. No. 106.

Plaintiff submitted a copy of his previously rejected objections to the Bill of Costs in support of his motion for reconsideration. Plaintiff claims that the "transport

---

[2] The taxation of costs against an inmate proceeding *in forma pauperis* is expressly authorized by the federal statute governing such proceedings. 28 U.S.C. § 1915(f).

costs" are not allowable costs.[3]  Plaintiff also objects to the taxation of the costs associated with his deposition.

The Court has reviewed the file in this matter and finds that plaintiff's motion for reconsideration should be granted and that plaintiff's objections to the Bill of Costs should be reviewed by this Court.

Accordingly, for the above-stated reasons, it is hereby

**ORDERED**, that plaintiff's motion for reconsideration of the Court's Order rejecting his objections to defendants' Bill of Costs (Dkt. No. 111) is **GRANTED**. The Clerk shall docket plaintiff's objections as filed in this action on the date of this Order, and it is further

**ORDERED**, that the defendants file a response to plaintiff's objections to the Bill of Costs **no later than April 30, 2007**, and it is further

**ORDERED**, that upon defendants' compliance with this Order, the Clerk return the file to the Court for review of the Bill of Costs.

Dated: April 5, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

[3] Although plaintiff mistakenly asserts his objections as if they arose under the Rules of Appellate Procedure rather than Fed.R.Civ.P. 54(d), the bases of his objections are clearly stated and may properly be addressed by this Court.