UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GUY MCEACHIN,

                                        Plaintiff,

     v.                                                               9:01-CV-0259

GLENN S. GOORD, *et al.*,

                                        Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

GUY MCEACHIN
Plaintiff, pro se

OFFICE OF THE ATTORNEY GENERAL      MARIA MORAN, ESQ.
State of New York                               Assistant Attorney General
Counsel for the Defendants

GUSTAVE J. DI BIANCO, MAGISTRATE JUDGE

## ORDER

Presently before the Court for consideration is the Bill of Costs submitted by defendants pursuant to Rule 54(d)(1) of the Federal Rules of Civil; Procedure. Dkt. No. 106.[1] Costs were taxed against plaintiff by the Clerk of the Court on October 18, 2006. Dkt. No. 108. By Order filed April 5, 2007, this Court determined that the objections submitted by *pro se* plaintiff Guy McEachin to defendants' Bill of Costs

---

[1] Following a jury trial on August 24, 2006, judgment was entered in favor of the defendants. Dkt. No. 102. Plaintiff's appeal from that judgment was dismissed by the Second Circuit due to plaintiff's failure to pay the docketing fee or to seek *in forma pauperis* status. Dkt. No. 112.

should be reviewed by this Court. Dkt. No. 113. Accordingly, the Clerk was directed to docket plaintiff's objections and defendants were directed to file a response. *Id*. Those submissions, together with plaintiff's reply, are before this Court.

"A district court reviews the clerk's taxation of costs by exercising its own discretion to 'decide the cost question [it]self.'" *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (*quoting Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)). The decision to award costs to a prevailing party under Rule 54(d)(1) rests within the sound discretion of the district court. *Id.*

In accordance with Rule 54(d), prevailing parties may recover certain allowable, reasonable, and necessary costs. The Supreme Court has construed the term "cost" in this context to include only the specific items enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The six categories of expenses which may be taxed as costs are:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  On a proper showing by the losing party, otherwise allowable costs may be denied by the district court because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources.  *Whitfield, supra,* 241 F.3d at 270.

The Bill of Costs submitted by defendants sought to recover the costs of plaintiff's deposition and the costs of transporting plaintiff to trial.  Dkt. No. 106.  Plaintiff objects to both items.

Generally speaking, the reasonable costs of transcribing depositions "necessarily obtained for use in the case" are properly taxed in favor of the prevailing party.  *See Whitfield, supra,* 241 F.3d at 270.[2]  When a deposition transcript is used or received in evidence at trial, or is submitted to the court for consideration of a motion for summary judgment, costs are properly allowed, without regard to whether the deposition is specifically relied on as a basis for the decision.  As the decisions cited by defendants recognize, even where deposition transcripts are not introduced in evidence or used at trial, the Court has discretion to tax the costs of the transcript if the circumstances warrant.  *Cleveland v. North American Van Lines*, 154 F.R.D. 37, 38 (N.D.N.Y. 1994); *see Donnelly v. Rhode Island Bd. of Governors for Higher*

---

[2] The Local Rules of Practice adopted in the Eastern and Southern Districts of New York allow for the taxation of the costs of an original and one copy of a deposition transcript "used or received in evidence at trial."  Local Rules 54.1(c)(2).

*Education*, 946 F.Supp. 147, 151 (D.R.I. 1996).

Defendants deposed plaintiff on February 22, 2002. The court reporter charged an appearance fee of $10; the costs of the original and two copies of the transcript was $310.50. Dkt. No. 106-2. Defendants maintain that "it was essential for the defendants to have a transcript of the plaintiff's deposition at the trial for purposes of cross-examination." Dkt. No. 115 at 2.

Plaintiff urges the Court to exercise its discretion to deny the transcript costs because Rule 30(b)(2) of the Federal Rules of Civil Procedure provides that the party requesting the deposition shall bear the cost of the recording. Dkt. No. 114. Plaintiff also claims that this item of costs should be disallowed because he is indigent and was granted leave to proceed with this action *in forma pauperis*. Dkt. No. 116.

Nothing in Federal Rule 30 prohibits the post-judgment shifting of costs incurred in the course of the litigation as provided in Rule 54(d), and this objection is overruled. Similarly, the granting of *in forma pauperis* status does not preclude the taxation of costs against plaintiff. *See* 28 U.S.C. § 1915(f) (expressly recognizing that costs may be taxed against indigent prisoner). However, district courts retain discretion to limit or deny costs based on indigency. *Whitfield, supra*, 241 F.3d at 270.

In this case, defendants elicited plaintiff's testimony during the discovery

period, and listed the transcript on their pretrial submissions as an exhibit intended to be used at trial. *See* Dkt. No. 91. However, because the deposition transcript was not marked for identification or admitted in evidence at the trial (see Dkt. No. 101), the Court is not able to determine whether the transcript was actually used at trial.

The Court finds that the deposition was necessarily obtained for use in the case and was properly allowed as a cost recoverable by defendants as the prevailing party. *But see Stewart v. Austin*, No. 9:97-CV-0908, 2001 WL 1708791 * 3 (N.D.N.Y. Dec. 14, 2001) (Scullin, C.J.) (disallowing costs of deposition transcript not used at trial or in support of a motion). Notwithstanding the foregoing, however, the Court hereby exercises its discretion and limits the allowable costs to $217.00 -- the cost of the original and one copy of the deposition transcript.

Defendants also seek to recover an additional $1,244.82 in "other costs," which defendants identify as the cost of transporting plaintiff to trial. Dkt. No. 106. According to the itemization provided by the New York Department of Correctional Services ("DOCS"), this amount consists of the salaries (regular and overtime) earned by the DOCS employees assigned to transport plaintiff to Syracuse for trial on August 23 and 24, 2006, and also includes meal and mileage allowances. *See* Dkt. No. 106-3.

Plaintiff objects to the taxation of these "transportation costs" on the ground that they are not allowable costs under Rule 54(d). Dkt. No. 114.

5

Defendants have failed to demonstrate that these transportation costs may be properly taxed against plaintiff. Although this Court specifically noted in its prior Order that the bases of plaintiff's objections were clearly stated and would be addressed by this Court (see Dkt. No. 113 at 3 n. 3), defendants' response asserts that plaintiff's mistaken reference to Rule 39 of the Federal Rules of Appellate Procedure rather than to Rule 54 of the Federal Rules of Civil Procedure is grounds for overruling his objections. Dkt. No. 115.

Defendants also claim that the requested costs should be allowed because there is precedent "for taxing such costs in this district." Dkt. No. 115 at 2.[3] However, the fact that such costs have been taxed without judicial review against incarcerated plaintiffs who, for whatever reason, did not timely object, does not demonstrate that defendants' are entitled to recover those costs.[4]

Upon review, the Court sustains plaintiff's objection to the taxation of transportation costs. These costs are not included in the categories of expenses recognized in 28 U.S.C. § 1920 and may not be taxed as costs pursuant to Rule 54(d).

---

[3] Defendants cite three other actions in this District in which "transportation costs" were taxed against the plaintiff. *See* Dkt. No. 115 at 2.

[4] Indeed, this is not the first time that costs taxed by the Clerk of the Court have been subsequently disallowed upon objection by the plaintiff. *See Stewart v. Austin*, 9:97-CV-0908, 2001 WL 17098791 (N.D.N.Y. Dec. 14, 2001) (Scullin, C.J.) (disallowing costs of deposition transcript and docket fees).

6

**WHEREFORE**, it is hereby

**ORDERED**, that the Bill of Costs entered by the Clerk (Dkt. No. 108) is **MODIFIED**. Defendants' request to recover the costs of plaintiff's deposition is allowed in the reduced amount of **$217.00**; defendants' request that the costs of transporting plaintiff to trial be taxed against plaintiff is **DISALLOWED IN ITS ENTIRETY**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated: May 25, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge